# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

WENDY CHICCINO,

                Plaintiff,

  v.

NANCY BERRYHILL, Deputy Commissioner of Social Security Operations,

                Defendant.

Case No. 3:17-cv-05713-TLF

ORDER REVERSING DEFENDANT'S DECISION TO DENY BENEFITS AND REMANDING FOR FURTHER PROCEEDINGS

Wendy Chiccino has brought this matter for judicial review of defendant's denial of her application for supplemental security income (SSI) benefits. The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the Court reverses the Commissioner's decision denying benefits and remands for additional proceedings.

## I. BACKGROUND

Ms. Chiccino has been treated for chronic pain since 2007. Dkt. 8, Administrative Record (AR) 929-932. She fell while in a grocery store on August 29. 2007; she fell in a work-related injury on September 5, 2010; and she had an automobile accident in the spring of 2013. AR 288-315, 563, 929. She was diagnosed by Dr. Roham Moftakhar, M.D., based on an MRI study, with C5 disc osteophyte compressing the C6 nerve root on the left. AR 952. On January 31, 2011, she underwent neck surgery, anterior cervical discectomy fusion, to repair the fifth and sixth cervical vertebrae. AR 372-73. She filed an application for SSI benefits on July 15, 2013. AR 23. She

ORDER - 1

alleged that she became disabled beginning September 5, 2010. *Id.* That application was denied on initial administrative review and on reconsideration. *Id.* A hearing was held before an administrative law judge (ALJ) on September 16, 2015. AR 42-70. Ms. Chiccino and a vocational expert appeared and testified.

The ALJ found that Ms. Chiccino could perform jobs that exist in significant numbers in the national economy, and therefore that she was not disabled. AR 23-35 (ALJ decision dated January 22, 2016). The Appeals Council denied Ms. Chiccino's request for review on May 26, 2017, making the ALJ's decision the final decision of the Commissioner. AR 1. Ms. Chiccino appealed that decision in a complaint filed with this Court on September 8, 2017. Dkt. 4; 20 C.F.R. § 416.1481.

Ms. Chiccino seeks reversal of the ALJ's decision and remand for further administrative proceedings, arguing that the ALJ misapplied the law and lacked substantial evidence for her decision. The alleged errors concern the ALJ's failure to seek additional expert opinions on the medical record and her reasoning in discounting Ms. Chiccino's statements about the severity of her symptoms. For the reasons set forth below, the undersigned concludes that the ALJ failed to properly apply the law and substantial evidence does not support her decision. Consequently, the undersigned reverses the decision to deny benefits.

## II. STANDARD OF REVIEW AND SCOPE OF REVIEW

The Commissioner employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If the ALJ finds the claimant disabled or not disabled at any particular step, the ALJ makes the disability determination at that step and the sequential evaluation process ends. *See id.*

ORDER - 2

The five steps are a set of criteria by which the ALJ considers: (1) Does the claimant presently work in substantial gainful activity? (2) Is the claimant's impairment (or combination of impairments) severe? (3) Does the claimant's impairment (or combination) equal or meet an impairment that is listed in the regulations? (4) Does the claimant have residual functional capacity (RFC), and if so, does this RFC show that the complainant would be able to perform relevant work that he or she has done in the past? And (5) if the claimant cannot perform previous work, are there significant numbers of jobs that exist in the national economy that the complainant nevertheless would be able to perform in the future? *Keyser v. Comm'r of Soc. Sec. Admin.,* 648 F.3d 721, 724-25 (9th Cir. 2011).

The Court will uphold an ALJ's decision unless: (1) the decision is based on legal error; or (2) the decision is not supported by substantial evidence. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017) (quoting *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988)). This requires "'more than a mere scintilla,'" though "'less than a preponderance'" of the evidence. *Id.* (quoting *Desrosiers*, 846 F.2d at 576). If more than one rational interpretation can be drawn from the evidence, then the Court must uphold the ALJ's interpretation. *Orn v. Astrue,* 495 F.3d 625, 630 (9th Cir. 2007). The Court may not affirm by locating a quantum of supporting evidence and ignoring the non-supporting evidence. *Id*.

The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court is required to weigh both the evidence that supports, and evidence that does not support, the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason the ALJ did not rely on. *Id.* Only the reasons identified by the

ORDER - 3

ALJ are considered in the scope of the Court's review. *Id.*

## III. THE ALJ'S DUTY TO DEVELOP THE RECORD

First, Ms. Chiccino contends that the ALJ erred in evaluating her residual functional capacity (RFC) based on the medical evidence. In particular, she contends that the ALJ failed to develop the record. She contends that the ALJ should have asked another physician to assess Ms. Chiccino's physical abilities based on a physical examination, her medical records, or both. Dkt. 10, pp. 3-8. She asserts that the physicians whose opinions the ALJ relied on did not have access to notes from several physical therapy visits in 2013 and 2014. Dkt. 10, p. 3. Those visits followed an April 2013 auto accident, which Ms. Chiccino contends worsened her neck, shoulder, and arm impairments. *Id.*

A claimant has the burden to provide evidence of her disability. 42 U.S.C. § 423(d)(5) ("An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Secretary may require."); 20 C.F.R. § 404.1512(a)(1) ("In general, you have to prove to us that you are blind or disabled."). The hearing is not adversarial in nature; the ALJ has a duty to develop the record regardless whether the claimant is represented by counsel and must inform himself or herself about the facts that are relevant. *DeLorme v. Sullivan,* 924 F.2d 841, 849 (9th Cir. 1991). "An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001).

Ms. Chiccino contends that the ALJ's failure to seek out medical opinions that considered Ms. Chiccino's condition after her car accident means the RFC failed to account for evidence of additional neck, shoulder, and upper extremity limitations. Dkt. 10, pp. 3-8. The Commissioner

ORDER - 4

responds that Ms. Chiccino waived her argument that the record was inadequate by failing to raise it at the ALJ level or with the Appeals Council. Dkt. 11, p. 11. The Commissioner points out that the ALJ asked Ms. Chiccino twice whether Ms. Chiccino knew of additional records the ALJ should consider, and both times Ms. Chiccino's counsel answered "no." *Id.*; *see* AR 46, 49.

The ALJ conducts a non-adversarial hearing and therefore, on judicial review, appellate rules of waiver and default concerning evidence that was not placed into the record may not be appropriate; the Court is mindful that "the ALJ has a duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Webb v. Barnhart,* 433 F.3d 683, 687 (9th Cir. 2005) (*quoting, Brown v. Heckler,* 713 F.2d 441, 443 (9th Cir. 2001). Yet this Court does not need to decide whether Ms. Chiccino waived her argument. As discussed below, the ALJ erred in discounting Ms. Chiccino's testimony. Therefore, the Court will remand to the Commissioner for further proceedings. Those proceedings will necessarily require the Commissioner to re-examine the medical evidence. In doing so, the Commissioner should be diligent in seeking to obtain all medical records that are probative of Ms. Chiccino's impairments. *See Webb v. Barnhart,* 433 F.3d at 687; *DeLorme v. Sullivan,* 924 F.2d at 849.

IV. THE ALJ'S CONSIDERATION OF MS. CHICCINO'S TESTIMONY

Ms. Chiccino also contends that the ALJ did not provide adequate reasons to reject her testimony on the severity of her symptoms.

Questions of credibility[1] are solely within the control of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). The Court should not "second-guess" this credibility

---

[1] Since the ALJ's ruling in this case, the Social Security Administration issued a ruling to "'eliminat[e] the use of the term "credibility" from our sub-regulatory policy, as our regulations do not use this term' and to 'clarify that subjective symptom evaluation is not an examination of an individual's character' but instead was meant to be consistent with 'our regulatory language regarding symptom evaluation.'" *Trevizo v. Berryhill*, 871 F.3d 664, 678 n.5 (9th Cir. 2017) (quoting SSR 16–3p (2016)). As the Ninth Circuit explained, the new

ORDER - 5

determination. *Allen v. Heckler*, 749 F.2d 577, 580 (9th Cir. 1984). In addition, the Court may not reverse a credibility determination where that determination is based on contradictory or ambiguous evidence. *See id.* at 579.

To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." *Lester v. Chater*, 81 F.3d. 821, 834 (9th Cir. 1995) (citation omitted). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.2d at 834.

Here, Ms. Chiccino testified about her activities as follows: She does the dishes in the morning, then has to rest. AR 50. She tries to vacuum but her arm usually hurts too much to finish. *Id.* She cooks and does laundry but it exhausts her. *Id.* She shops for groceries with her roommate on weekends, and this takes about an hour. AR 50-51. She goes to drug and alcohol treatment for two hours each week. She reads the Bible, watches television, and meditates. AR 51. She has a laptop and hopes to get her GED. *Id.* She texts her son and roommate about groceries they need. AR 52.

Ms. Chiccino further testified that she has constant, sharp pain in her shoulder and back. AR 53-54. The pain worsens when she lifts her right arm to shoulder height or pushes a vacuum. AR 53-55. She drops things. AR 62. She also has constant pain in her neck that worsens if she sleeps wrong, as well as pain in her legs and pain and weakness in her lower back. AR 55-56. To be comfortable, she must frequently change between sitting and standing. AR 62.

---

ruling makes clear what our precedent already required: that assessments of an individual's testimony by an ALJ are designed to "evaluate the intensity and persistence of symptoms after [the ALJ] find[s] that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms," and not to delve into wide-ranging scrutiny of the claimant's character and apparent truthfulness.

*Id.* (emphasis added).

ORDER - 6

Ms. Chiccino testified that providers have recommended shoulder surgery, but that "I just have not found the time;" that she "give[s] up" because of her pain and the difficulty of finding transportation; and that she finds neck surgery "scary" and the results uncertain. AR 52. She also testified that she knows she is not taking pain medication correctly but does not "want to be throughout the day in a daze." AR 57. She said, "I'm scared, so I only take two of them at night." *Id.*

The ALJ incorporated some of these limitations into the RFC. She found that Ms. Chiccino "can lift and/or carry twenty pounds occasionally and ten pounds frequently;" that Ms. Chiccino "can occasionally push/pull" with her right arm; and that she cannot reach overhead with her right arm but "can occasionally reach overhead with" her left arm. AR 27. The ALJ partially credited Ms. Chiccino's testimony about her symptoms but found her statements about their "intensity, persistence and limiting effects . . . not entirely credible," citing "the reasons explained in this decision." AR 28.

The ALJ then surveyed the medical record, including objective medical evidence, treatment records, and medical opinions pertaining to Ms. Chiccino's physical condition. AR 28-31. The ALJ wrote again that she did "not find the claimant's subjective report of pain to be credible to the extent alleged for the reasons cited in this decision, including the inconsistency with the objective medical evidence, discussed throughout this decision." AR 31. The ALJ then reviewed Ms. Chiccino's recent treatment history, which includes prescriptions of pain medications and encouragement to pursue physical therapy. AR 32.

The ALJ wrote that Ms. Chiccino "appears to be active during the day." AR 32-33. She noted that Ms. Chiccino testified that she reads the Bible, watches television, does laundry and washes the dishes, and uses a laptop and cell phone. *Id.* The ALJ also wrote that, in contrast to

ORDER - 7

Ms. Chiccino's testimony about severe pain in her neck and shoulder and leg pain and weakness, "many of [Ms. Chiccino's] treatment notes indicate generally benign findings including noting that the claimant was moving well." AR 33 (citing August-November 2013 treatment notes, AR 743, 923, 927).

Ms. Chiccino asserts that the ALJ failed to clearly state any reasons for rejecting her testimony. The Commissioner responds that the Court can infer three reasons from the ALJ's discussion: that the ALJ discounted Ms. Chiccino's testimony because the medical record did not support it, because Ms. Chiccino failed to pursue treatment without a good reason, and because Ms. Chiccino's activities show that she was more functional than she claimed. Dkt. 11, p. 7 (citing AR 27-33).

The Court agrees with the Commissioner that, while the ALJ discussion was not a picture of clarity, the ALJ's "path may reasonably be discerned." *See Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012). The Court concludes, however, that the ALJ's reasons for discounting Ms. Chiccino's testimony were not clear and convincing, and that substantial evidence does not support them.

First, the ALJ could not reject Ms. Chiccino's testimony about the severity of her pain based solely on a lack of objective support. *See Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005) ("[A]fter a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain."). But "the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

ORDER - 8

Nonetheless, the ALJ's finding that Ms. Chiccino's complaints were inconsistent with the medical evidence in unsupported by the hearing record. There are a large number of objective indications in the medical records that Ms. Chiccino suffered from severe neck, shoulder, and arm conditions. For example, interpretation of a September 2014 MRI by Dr. Ly Ngoc Huynh, Radiologist at Southwest Washington Medical Center, found: "Posterior rim rent type partial-thickness articular surface tear of the distal infraspinatus;" "Moderate distal subscapularis tendinopathy;" "Moderate acromial clavicular degenerative joint disease. Small ossicles within the region of the joint space and capsule compatible with old injury;" and "Trace subacromial/subdeltoid bursitis." AR 839-40.

Ms. Chiccino's physical therapists performed numerous tests throughout the relevant period. They found that Ms. Chiccino had: "[l]imited tolerance to strengthening" and an "irritable" back and shoulder condition, "with frequent muscle spasms during treatment," AR 844, 856, 869, 871, 873; "[t]ightness and trigger points" in her neck and back muscles, AR 846; limited range of motion in the neck and shoulders, with "pain in all directions," AR 853, 860; pain extending down her arms, AR 860 ("Difficulty performing ceiling punch with 1 pound weights."), 885 (signs and symptoms consistent with radiculopathy in her right arm); and, in general, persistent pain that showed little improvement from physical therapy, AR 854, 856, 858, 866, 869, 871.

Eun Yung Yi, M.D., diagnosed Ms. Chiccino on October 30, 2014 with cervicalgia, a partial tear in the right rotator cuff, and right shoulder pain. AR 931. Although the record also contains opinions from examining and treating physicians who expressed difficulty locating a source of Ms. Chiccino's pain, AR 668, 923, 927, this alone would not justify rejecting her subjective testimony. *See Burch*, 400 F.3d at 680.

ORDER - 9

The other two reasons implied by the ALJ are also insufficient. The Commissioner asserts that the ALJ reasonably found that Ms. Chiccino's testimony was inconsistent with her failure to pursue recommended treatment. A claimant's failure to assert a good reason for not seeking treatment "can cast doubt on the sincerity of the claimant's pain testimony." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). The ALJ here noted certain treatment that Ms. Chiccino was recommended and that she either did not pursue (shoulder surgery) or did not follow correctly (pain medication). AR 32. The ALJ also recounted the reasons Ms. Chiccino gave for these failures: she had difficulty getting a ride and found surgery "scary" and that she "did not want to be in a daze during the day" because of medication. AR 32.

The Commissioner's reliance on this discussion fails for several reasons: First, it is unclear whether the ALJ actually relied on this as a reason to reject Ms. Chiccino's testimony. The ALJ did not make a finding that Ms. Chiccino's failure to pursue treatment made her less credible. *See* AR 32. The Commissioner now asks the Court to infer this from the ALJ's vague discussion; but that discussion does not constitute a "specific, cogent reason[ ]" to disbelieve Ms. Chiccino. *See Lester*, 81 F.2d at 834. The Court cannot affirm the ALJ on a basis she did not rely on. *Garrison*, 759 F.3d at 1010.

Second, for the ALJ to reject a claimant's testimony based on her failure to follow recommended treatment, a treating source must have prescribed that treatment and it must be "clearly expected to restore capacity to engage in any [gainful activity]." SSR 82-59. The ALJ did not cite any such prescription here and instead appeared to rely on Ms. Chiccino's *own testimony* that shoulder surgery had been recommended to her and that she was not following medication prescriptions. AR 32.

And third, the ALJ did not indicate that she considered Ms. Chiccino's stated reasons for

ORDER - 10

failing to follow recommended treatment, let alone find that those were not "good reasons." *See Fair*, 885 F.2d at 603. Likewise, the ALJ made no finding and cited no evidence to indicate that surgery would have been effective at treating Ms. Chiccino's shoulder injury. *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). For all these reasons, any reliance by the ALJ on Ms. Chiccino's failure to pursue treatment was improper.

The Commissioner asserts, as another reason for upholding the ALJ's decision to reject Ms. Chiccino's testimony, that the ALJ properly found Ms. Chiccino's daily activities were inconsistent with her stated symptoms and limitations. Dkt. 11, p. 6. This argument fails because the record again lacks substantial evidence for the ALJ's reasoning.

Claimants do not need to show they are "utterly incapacitated in order to be disabled." *Revels v. Berryhill,* 874 F.3d 648, 667 (9th Cir. 2017). Activities such as childcare, washing dishes, house cleaning, shopping, running errands, feeding pets, and other common domestic responsibilities, do not detract from a claimant's credibility regarding her overall disability. *Id.* at 667-68. An ALJ may rely on a claimant's daily activities to support an adverse credibility finding when those activities contradict the claimant's subjective complaints or are transferable to a work setting and the claimant spends a "substantial part of her day" on them. *Smolen v. Chater*, 80 F.3d 1273, 1284 & n.7 (9th Cir. 1996); *see Orn*, 495 F.3d at 639; *Trevizo*, 871 F.3d at 682.

Here, the record does not support the ALJ's implicit finding that Ms. Chiccino's activities—reading, watching television, doing laundry, and washing dishes, and using a laptop and cell phone—contradict her subjective complaints. *See* AR 32-33. The ALJ's inference from these activities that Ms. Chiccino "appears to be active during the day" is not a reasonable one. *See* AR 32-33. The activities the ALJ cited are not the type of physically demanding activities that could reasonably be found to contradict Ms. Chiccino's statements about severe limitations.

ORDER - 11

*See Orn*, 495 F.3d at 639 ("We agree with Orn that reading, watching television, and coloring in coloring books are activities that are so undemanding that they cannot be said to bear a meaningful relationship to the activities of the workplace."). Moreover, a disability applicant should not be penalized for attempting to lead a normal life. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).

Nor would the record support findings that Ms. Chiccino's activities are transferable to a work setting and that Ms. Chiccino spends a "substantial part of her day" on them, even if the ALJ had made such findings. *See Smolen*, 80 F.3d at 1284 & n.7. Many home activities are not easily transferable to a work environment, "where it might be impossible to periodically rest or take medication.'" *Trevizo*, 871 F.3d at 682. The Ninth Circuit in *Trevizo v. Berryhill* found that to be the case for a claimant whose "childcare responsibilities permit her to rest, take naps, and shower repeatedly throughout the day, all of which would be impossible at a traditional full-time job." 871 F.3d 664, 682 (9th Cir. 2017). The same reasoning applies to Ms. Chiccino, whose activities do not include childcare and involve a minimal amount of housework and thus appear to be less demanding than the claimant's activities in *Trevizo*. *See* 871 F.3d at 682.

The ALJ thus failed to give clear and convincing reasons to reject Ms. Chiccino's testimony about severely limiting pain in her neck and shoulder and pain and weakness in her legs. These errors require reversal. *See Lester*, 81 F.3d at 834.

V. REMEDY

Plaintiff does not specifically argue whether this case should be remanded for an award of benefits, or in the alternative, remanded for further administrative proceedings. Dkt. 10, 12. "The decision whether to remand a case for additional evidence, or simply to award benefits[,] is

ORDER - 12

within the discretion of the court." *Trevizo*, 871 F.3d at 682 (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)).

A direct award of benefits would be warranted if the following conditions are met: First, the record has been fully developed; second, there would be no useful purpose served by conducting further administrative proceedings; third, the ALJ's reasons for rejecting evidence (claimant's testimony or medical opinion) are not legally sufficient; fourth, if the evidence that was rejected by the ALJ were instead given full credit as being true, then the ALJ would be required on remand to find that the claimant is disabled; and fifth, the reviewing court has no serious doubts as to whether the claimant is disabled. *Leon v. Berryhill,* 880 F.3d 1041, 1045 (9th Cir. 2017) (amended January 25, 2018); *Revels,* 874 F.3d at 668.

If an ALJ makes an error and there is uncertainty and ambiguity in the record, the district court should remand to the agency for further proceedings. *Leon*, 880 F.3d at 1045 (quoting *Treichler v. Comm'r of Social Sec. Admin.,* 775 F.3d 1090, (9th Cir. 2014). If the district court concludes that additional proceedings can remedy the errors that occurred in the original hearing, the case should be remanded for further consideration. *Revels*, 874 F.3d at 668.

As discussed above, the ALJ failed to provide legally sufficient reasons for discounting plaintiff's testimony about her limitations and severity of symptoms. Accordingly, issues remain regarding the evidence in the record concerning plaintiff's functional limitations, and therefore serious doubt remains as to whether plaintiff is in fact disabled. Remand for further consideration of those issues is warranted. Specifically, on remand the Commissioner shall re-evaluate plaintiff's testimony, and shall re-evaluate the medical evidence, including any additional relevant medical evidence that plaintiff or the ALJ submits.

ORDER - 13

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ improperly determined Ms. Chiccino to be not disabled. The Commissioner's decision to deny benefits therefore is REVERSED and the matter is REMANDED to the Commissioner for further proceedings.

DATED this 9th day of August, 2018.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge